HUGH PRIESSLER *v.* ANTHONY SHWABERTON, &c.

**Vendor and Purchaser—Fraudulent Representation as to Quantity—Deficit.**

Appellant's deed, under which he claimed, contained only 205 acres, and he represented the tract to appellees as containing 250 acres, which representation may be inferred from the fact that in his deed he conveyed it as containing 250 acres, more or less. Held, that the appellant had reasons to believe that there were not 250 acres in the tract, and he should, therefore, be made responsible for the deficit, at the price, pro rata, at which he sold it.

**Pleadings—Averment and Prayer not Sufficient.**

Where the averments and prayer are not sufficient, no judgment can be rendered thereon.

APPEAL FROM HARDIN CIRCUIT COURT.

February 5, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

If as charged in appellees' amended answer and cross petition, appellant's deed under which he claims from Coe's heirs, contained only 205 acres, and he represented the tract to them as containing 250 acres, which may be inferred from the fact that in his deed he conveys it as containing 250 acres, more or less, and he had reason to believe there were not that number of acres in the tract, he should be made responsible for the deficit, at the price *pro rata* at which he sold the land, for he does not deny in his answer to the amended cross petition that Coe's deed to him only contained 205 acres, the fraudulent representation. And the judgment should have been sustained if their cross action had contained a prayer authorizing the relief.

But in both their cross actions they pray for a judgment on the express terms and conditions that Wale shall recover of them for said deficit in the tract. And although appellant in his answer to the amended cross petition controverted their right to recover against him, on the ground that Wale had dismissed his suit against them and had not, and could not, recover against them for said deficit; they do not amend and charge that they had paid Wale and settled his demand, nor allege that they ought, and pray unconditionally for a judgment, and even after they were thus warned they failed to amend.

Wherefore for the want of sufficient averments and prayer, the judgment is reversed and the cause is remanded with directions to dismiss appellee's cross petition, unless they shall within reasonable time, offer to amend the same.

*O. H. Stratton, for appellant.*

*Cofer, for appellees.*